IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-01773-N-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Raymond S.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 6). For the reasons explained below, the undersigned RECOMMENDS that the Court AFFIRM the Commissioner's decision.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## Background

Plaintiff alleges that he is disabled due to "spinal stenosis, shoulder, knee, and arm problems, depression, osteoarthritis in the knee, and high blood pressure." Pl.'s Br. 4 (ECF No. 27); Admin. R. 108-09 (ECF No. 22-1). He was born in 1971 and was 46 years old at his alleged disability onset. *See* Admin. R. 108. Plaintiff completed the eleventh grade and has past work experience as a laborer with a construction company. *Id.* at 242-43.

On January 29, 2018, Plaintiff applied for supplemental security income (SSI). *Id.* at 109. In his application, Plaintiff alleged disability beginning December 20, 2017. *Id.* After the Commissioner denied Plaintiff's application initially, *id.* at 121, and upon reconsideration, *id.* at 134, a hearing to determine Plaintiff's disability status was held before an administrative law judge (ALJ). *Id.* at 56. The hearing took place in Dallas, Texas, on December 16, 2019. *Id.*

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to SSI. *Id.* at 42. In her decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 29, 2018. Admin. R. 31. At steps two and three, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral shoulders and knees, right subacromial bursitis and acromioclavicular arthritis, obesity, and major depressive disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 31-32. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work. *Id.* at 35. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not perform his past relevant work but could perform "unskilled positions that accommodate [his] mental and non-exertional limitations, falling well within the range of [his] RFC," including the jobs of routing clerk, photocopy machine operator, and mail clerk. *Id.* at 40-41.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5-7. The Council denied review. *Id.* at 5. Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. Pl.'s Br. 13.

## Legal Standard

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the

3

record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support her decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff argues substantial evidence does not support the ALJ's determination of Plaintiff's RFC because the ALJ failed to properly evaluate the opinion of consulting examiner Ann K. Lange, Ph.D. Pl.'s Br. 13-14. After reviewing the hearing decision and the administrative record, the Court finds the ALJ's RFC determination is supported by substantial evidence.

"Determining a claimant's residual functioning capacity is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and

4

reach any conclusion supported by substantial evidence." *Gonzales v. Astrue,* 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue,* 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000)).

Here, the ALJ determined, "[a]fter careful consideration of the entire record," that Plaintiff has the RFC to "perform work at the light exertion level as defined in 20 CFR 416.967(b)." Admin. R. 35. Specifically, the ALJ found Plaintiff can lift/carry no more than 20 pounds occasionally and 10 pounds frequently; can sit up to 6 hours in an 8-hour workday; can stand/walk up to 6 hours in an 8-hour workday; can occasionally balance, stoop, kneel, crouch, and climb ramps/stairs; can perform work that involves no climbing ladders/ropes/scaffolds, crawling, or overhead reaching with the dominant right upper extremity; and can perform occasional overhead reaching with the non-dominant left upper extremity. *Id.* And "[m]entally, he retains the ability to understand, remember, and carry out simple instructions make decisions, attend and concentrate for extended periods, interact with others, and respond appropriately to changes in a routine work setting." *Id.*

In making such determinations, an ALJ must weigh inconsistent evidence. *Stephens v. Saul,* 2020 WL 7122860, at *5 (N.D. Tex. Dec. 4, 2020) (citation omitted). An ALJ should thus consider every medical opinion. 20 C.F.R. § 416.920c(a); *Stephens,* 2020 WL 7122860, at *5 (citation omitted); *accord Kneeland v. Berryhill,* 850 F.3d 749, 759-60 (5th Cir. 2017) (citations omitted).

Therefore, the ALJ is "entitled to determine the credibility of medical experts . . . and weigh their opinions accordingly." *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (citations omitted).

When considering medical opinions, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *Stephens*, 2020 WL 7122860, at *5 (citation omitted); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (citation omitted). The ALJ must explain the persuasiveness of medical opinions. 20 C.F.R. § 416.920c(b). To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id.* §§ 416.920c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* § 416.920c(b)(2).

An ALJ will discuss how she considered the supportability and consistency factors for a medical source's medical opinions in her determination or decision. *Id.* She may, but is not required to, explain how she considered the remaining factors. *Id.* When a medical source provides multiple medical opinions, the ALJ will articulate how she "considered the medical opinions . . . from that medical source together in a single analysis using the factors," but she is not required to articulate how she considered each medical opinion from one medical source individually. *Id.* § 416.920c(b)(1).

"[F]undamentally, the ALJ cannot reject a medical opinion without an explanation." *Kneeland,* 850 F.3d at 760 (citation and internal quotations omitted); *accord Winston,* 755 F. App'x at 398. In explaining a rejection of a physician's opinion, the ALJ does not have "to state the weight given to each symptom and diagnosis in the administrative record." *Michelle K. M. v. Berryhill,* 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019). An "ALJ's failure to mention a particular piece of evidence does not necessarily mean that [the ALJ] failed to consider it" when "the ALJ's decision states explicitly that [the ALJ] considered the entire record in [the ALJ's] decision." *Hammond v. Barnhart,* 124 F. App'x 847, 851 (5th Cir. 2005). There is not a "statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence [s]he takes into account in making h[er] findings." *See Hammond,* 124 F. App'x 847, 851.

To arrive at her RFC determination, the ALJ considering Plaintiff's case "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Admin. R. 35. The ALJ also considered "the medical opinion[s] and prior administrative medical finding[s]." *Id.* Ultimately, the ALJ determined the RFC after "careful consideration of . . . the medical evidence and other evidence." *Id.* at 36.

Plaintiff contends, however, that the ALJ erred when she determined that consulting examiner Dr. Lange's medical opinion was "not at all consistent with [Plaintiff's] treatment record." Pl.'s Br. 14 (citing Admin. R. 39). According to

7

Plaintiff, Dr. Lange found that, due to Plaintiff's "depression and possible presence of internal stimuli, he is unable to: Understand, carryout, and remember any instructions; sustain concentration and persist in work-related activity at a reasonable pace; maintain effective social interaction on a consistent and independent basis with anyone; and deal with normal pressures in a competitive work setting." Pl.'s Br. 14 (citing Admin. R. 677). Plaintiff further notes that even the ALJ acknowledged that Dr. Lange's opinion is "entirely 'supported by observations made during [Dr. Lange's] evaluation [of Plaintiff].'" *Id.* at 14 (citing Admin. R. 39). And Plaintiff avers that the ALJ's decision "contends that the evidence of record does not support disabling impairments, but then cites to evidence that is clearly supportive of disabling impairments." *Id.* at 17. Moreover, according to Plaintiff, "there is no bridge between the ALJ's rejection of Dr. Lange's opinion" and the evidence that the ALJ claims contravenes Dr. Lange's opinion, because that evidence "ultimately provides further support for the limitations [Dr. Lange] identified." *Id.*

In contrast to Plaintiff's contention, before discussing Dr. Lange's medical source statement, the ALJ provided a thorough explanation for the ALJ's assessment of Plaintiff's RFC, including an analysis and description of the evidence inconsistent with Dr. Lange's opinion. Admin. R. 38-39. The ALJ recognized that while Plaintiff's "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

8

consistent with the medical evidence and other evidence in the record." Admin. R. 36. With respect to Plaintiff's physical RFC, the ALJ observed that medical "examinations of the claimant's back and extremities yielded relatively normal results, including range of motion, sensation, and muscle strength despite some complaints of pain with movement." *Id.* at 37 (citing *id.* at 686, 690, 994). Additionally, the ALJ noted that Plaintiff's prescription medications "helped improve his reported good pain relief without adverse effects." *Id.* (internal quotation marks omitted) (citing *id.* at 323, 647, 685, 704). Similarly, with respect to Plaintiff's mental RFC, the ALJ referenced that medical staff treating Plaintiff "noted relatively normal mental status exams with appropriate mood, affect, and behavior," and that Plaintiff "had no history of psychiatric hospitalization after the alleged onset date." *Id.* at 37-38 (citing *id.* at 655, 671-78, 690, 710, 1046, 1172, 1161-1193). Finally, the ALJ highlighted the fact that, by Plaintiff's own admission, he can "perform his activities of daily living; manage his hygiene, manage his finances, medications, and appointments; shop in stores, tend to his dogs, drive, read, and make music." *Id.* at 38.

The ALJ also found that, with respect to Plaintiff's physical RFC, the Disability Determinations Service's (DDS) assessments have "persuasive value because they are supported by and consistent with the record." *Id.* at 39. Moreover, the ALJ found that the DDS "assessments are well-supported by medical evidence, including physical examination results and medical imaging, at the time the reports were made." *Id.* (citing *id.* at 115, 678). Similarly, the ALJ found that the

9

DDS reconsideration opinion regarding Plaintiff's mental RFC has persuasive value because it is "supported by evidence at the time of the report and is consistent with findings [in the] record." *Id.* (citing *id.* at 655, 690, 710, 1046, 1172). Among other things, on reconsideration the DDS opined that Plaintiff was able to "understand, remember and carry out simple instructions, make decisions, concentrate for extended periods, interact with others, and respond to changes." *Id.* (citing *id.* at 131).

The ALJ also specifically considered Dr. Lange's medical source statement. According to the ALJ, Dr. Lange "reported that [Plaintiff] was unable to understand, carryout, and remember any instructions; sustain concentration and persist in work-related activity at a reasonable pace; maintain effective social interaction on a consistent and independent basis with anyone; and deal with normal pressures in a competitive work setting." *Id.* While the ALJ found that Dr. Lange's opinion was "supported by observations made during [her] evaluation," the ALJ ultimately concluded that Dr. Lange's opinion was "not at all consistent with [Plaintiff's] treatment record, which shows [he] generally had normal mental status aside from some limitations in attention/concentration." *Id.*

Therefore, the ALJ did not reject Dr. Lange's opinion without an explanation. The ALJ stated the findings of the medical record, pointed out the inconsistencies that she found, and through these findings, concluded that the medical record as a whole did not support Dr. Lange's opinion.

The ALJ was free to assign little or no weight to Dr. Lange's opinions that were not consistent or supported by other evidence and incorporate only those limitations that were consistent with the weight of the evidence. The ALJ committed no error in not giving Dr. Lange's opinion more weight because the ALJ concluded Dr. Lange's findings were not consistent with the record as a whole. And the ALJ summarized and cited substantial medical evidence and other evidence that support the ALJ's mental RFC assessment.

Furthermore, Plaintiff has not shown that credible evidentiary choices or medical findings do not support the ALJ's RFC finding. Instead, Plaintiff argues that other evidence in the record, such as his own statements during Dr. Lange's evaluation, his behavior while in prison, the list of his medications, and his testimony before the ALJ, demonstrates that Plaintiff is disabled. Pl.'s Br. 16-19. But Plaintiff's "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021).

This Court cannot resolve conflicts of or reweigh the evidence. And Plaintiff's disagreement with the ALJ's RFC finding does not carry Plaintiff's burden of establishing that no substantial evidence supports the ALJ's determination. Moreover, as explained above, the ALJ's RFC determination is supported by substantial evidence and properly considered Dr. Lange's opinion.

## Recommendation

Because the ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

**SIGNED ON** December 7, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).